**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| KANDALE L. HARRISON,<br><br>Plaintiff,<br><br>vs.<br><br>CYNTHIA DAVIS, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:26-cv-758<br><br><br>District Judge Matthew W. McFarland<br>Magistrate Judge Peter B. Silvain, Jr. |

**ORDER**

Plaintiff, a prisoner currently incarcerated at the Southern Ohio Correctional Facility, in Lucasville, Ohio, and proceeding *pro se*, has submitted an Amended Complaint (Doc. 7), along with exhibits (*see* Doc. 10), in response to a Deficiency Order (Doc. 5).

The next step in this case is an initial screening of the Amended Complaint, which is required because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The undersigned will conduct this initial screening as soon as practicable. The Court will then enter an appropriate order and, if appropriate, direct service of the Amended Complaint and summons on Defendants.

Additionally, before the Court are Plaintiff's motions requesting notification of service of Defendants and the recusal of the undersigned. (Doc. 8; 9). The motions are **DENIED** for the reasons below.

As for Plaintiff's motion requesting notification of service of Defendants (Doc. 8), it is

premature. As noted, after conducting the initial screening of the Amended Complaint, the Court will determine whether service on any of Defendants is appropriate. Until then, Plaintiff's motion (Doc. 8) remains premature and is **DENIED**.

As for Plaintiff's motion requesting recusal of the undersigned (Doc. 9), it is also **DENIED**. Judges are bound by the recusal standard set forth in 28 U.S.C. § 455(a), which provides that any United States judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." *Ragozzine v. Youngstown State Univ.,* 783 F.3d 1077, 1079 (6th Cir. 2015) (quoting 28 U.S.C. § 455(a)). Section 455(a) requires a judge to recuse him or herself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Id.* (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)) (discussing 28 U.S.C. § 455(a)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Burley v. Gagacki*, 834 F.3d 606, 617 (6th Cir. 2016) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994)).

Plaintiff has not made any allegations that indicate that the undersigned's impartiality might reasonably be questioned in this case. Plaintiff has alleged no circumstances that create an appearance of bias. Accordingly, disqualification is neither necessary nor appropriate and the motion (Doc. 9) is **DENIED**.

Finally, Plaintiff is **DIRECTED** to stop filing motions and documents in this case unless an emergency is indicated or he is notifying the Court of a change in his address, until **after** the Amended Complaint has been screened. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (recognizing a district court's inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (internal citations omitted). Plaintiff is **WARNED** that any

submissions that violate this Order may be returned as unfiled, stricken from the docket, or disregarded without further explanation.

**IT IS SO ORDERED.**

October 21, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Chief Magistrate Judge